## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Cory Kingston, being duly sworn, depose and state as follows:

1. I am a full-time police officer employed by the Bennington County Sheriff's Office. I am certified by the Vermont Criminal Justice Training Council and have been a full-time certified law enforcement officer in the State of Vermont since November of 2018. I am currently assigned to the Narcotics Enforcement Team, as a Detective, specializing in the enforcement of Vermont's regulated drug laws. I have been assigned to the Narcotics Enforcement Team since October of 2025. I was previously assigned from June 2023 to October 2025 to the Narcotics Investigation Unit, also known as the Vermont Drug Task Force, where I specialized in the enforcement of Vermont's regulated drug laws, and assisted in the prosecution of both State and Federal cases.

2. I have completed the Basic Training Course at the Vermont Police Academy, graduating in November of 2018. In November of 2019, I completed a 20-hour Drug Interdiction training course hosted by the Midwest Counter Drug Training Center. In September of 2023, I completed a 57-hour intensive undercover narcotics investigations training course hosted by the Massachusetts State Police. The training course focused specifically on utilizing criminal informants, covert surveillance tactics, undercover law enforcement officer operations, search warrant preparation and execution, and education on the prosecution of drug related crimes. In April of 2025, I completed a 16-hour mid-level narcotics investigation course hosted by the Northeast Counterdrug Training Center. The course focused on how to identify, target, infiltrate and prosecute drug organizations that often go undetected. In April of 2026, I completed an 8-hour undercover narcotics investigations course hosted by Undercover Academy. The course focused on managing confidential informants, conducting safe undercover operations, maintaining an undercover identity, documenting actions and effective courtroom testimony. During my career, I have been involved in numerous cases which resulted in the arrests and convictions for possession and sale of regulated drugs.

1

3. I submit this affidavit to establish probable cause to believe that Jacen E. BLAIR violated 21 U.S.C. § 841(a)(1), 841(b)(1)(C) by possessing with intent to distribute cocaine and cocaine base, both Schedule II controlled substances, within the District of Vermont on June 10, 2026.

4. This affidavit is based upon my training, experience, information conveyed to me by other law enforcement officers, and my direct involvement in this investigation. Because this affidavit is submitted for the limited purpose of establishing probable cause, I have not set forth each and every fact learned by law enforcement during the course of the investigation. Where I describe a statement, it is described in sum and substance, not verbatim.

## Probable Cause

5. On June 10, 2026, I assisted the Bennington Police Department, along with the Department of Homeland Security Investigations and Vermont State Police-Shaftsbury, in executing a search warrant authorized by State of Vermont Superior Court Judge David Barra for the residence at 221 Union Street in Bennington, Vermont. Upon execution of the search warrant, four individuals were located inside the residence: BLAIR, K.M., L.B., and S.S[1]. BLAIR, K.M., and L.B. were located together in the southeast bedroom upstairs. Once all individuals were escorted out of the residence, Officer Murawski deployed his K9 partner, Grizzly, for a drug scan of the residence. Officer Murawski informed us of various locations within the residence that K9 Grizzly positively alerted for the odors he is trained to detect.

6. I assisted in the search of the residence. Located within the southeast bedroom where BLAIR, K.M. and L.B. were found was the following:
   -Approximately eighty-four (84) grams of a white rocklike substance on a windowsill. This substance was later transported back to the Bennington Police Department and field tested utilizing a NIK cocaine field test kit, resulting in a presumptive positive for

---

[1] I know the identities of the people who are identified with initials in this affidavit.

2

cocaine. Based on my training and experience, the substance appeared to be cocaine base.

-Approximately ninety-six (96) grams of a white powdery substance inside a pillowcase on a bed. This substance was later transported back to the Bennington Police Department and field tested utilizing a NIK cocaine field test kit, resulting in a presumptive positive for cocaine. Based on my training and experience, the substance appeared to be powder cocaine.

-One (1) Tostitos glass jar with a white unknown substance on the dresser.

-One (1) black plastic bag containing smaller empty clear plastic bags.

-One (1) Sony Camcorder.

-One (1) black digital scale with white residue.

-A silver measuring cup with a liquid inside it.

Based on my training and experience, the possession of a digital scale, clear plastic baggies, and a measuring cup are consistent with drug trafficking activity.

7. Located in the northeast bedroom were two (2) clear plastic bags containing a green leafy material, I know through my training and experience to be marijuana. The weight of the two clear plastic bags combined were one hundred and twenty-six (126) grams.

8. BLAIR was transported back to the Bennington Police Department. BLAIR was read his *Miranda* rights, which BLAIR acknowledged he understood and agreed to waive. Among other things, during BLAIR's interview, which was recorded, he conveyed the following:

   a. BLAIR admitted that he had been involved in distributing cocaine for several individuals.

   b. BLAIR said that he was not making much money from selling narcotics, and the work was more to support his own habit.

   c. BLAIR said that he started out as the main "cook," confirming that the term "cook" was used to describe the process of turning powder cocaine into crack cocaine.

   d. BLAIR said that he was "cooking" cocaine for approximately eight (8) hours a day, like it was a regular job.

3

e. BLAIR said that he had recently been to New York City and had bought cocaine to bring back to Vermont.

9. S.S. was also transported to the Bennington Police Department. She was read her *Miranda* rights, acknowledged that she understood them, and agreed to waive them. Among other things, during S.S.'s interview, which was recorded, she conveyed the following:

a. BLAIR had been residing at 221 Union Street for approximately two months. BLAIR paid $500 dollars a month to stay at the residence.

b. S.S. said that BLAIR has also threatened her that if she talked to people about his activities, he would "get his boys after her."

c. S.S. said BLAIR'S room was on the second floor, first bedroom after the bathroom. (This is the bedroom in which BLAIR and the suspected cocaine base and cocaine described above were located during the search warrant execution.)

d. S.S. admitted to being provided with crack cocaine ten (10) times by BLAIR.

e. S.S. said BLAIR left on June 9, 2026 (the day before the search warrant execution), between the hours of 6:00 a.m. and 7:00 a.m. to go to "the city" and was given a ride by an identified female. S.S. said BLAIR returned to the residence at approximately 11:00 p.m. on June 9.

f. S.S. admitted that over the past two months, there have been a large number of people coming and going from the residence.

g. S.S. also admitted to making deliveries of cocaine in cigarette packs on BLAIR'S behalf two (2) times.

10. Based on my training and experience, possession of over eighty grams of cocaine base and over 90 grams of cocaine is indicative of distribution, and is not consistent with possession for only personal use.

11. Based on the information set forth above, I believe there is probable cause that Jacen E. BLAIR violated 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) by possessing with intent to

4

distribute cocaine and cocaine base, both Schedule II controlled substances, within the District of Vermont on June 10, 2026.

Dated: June 25, 2026.

Respectfully submitted,

*[Sworn to by reliable electronic means]*
Cory Kingston
Detective
Bennington County Sheriff's Office

Subscribed and sworn to in accordance with the requirements of Fed. R. Crim. P. 4.1 on this 25th day of June 2026.

Hon. Kevin J. Doyle
United States Magistrate Judge
District of Vermont

5